**In the Matter of John M. LEWIS.**

No. 384S85.

Supreme Court of Indiana.

Mar. 4, 1985.

John M. Lewis, Seymour, pro se.

Gregory M. Fudge, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This disciplinary matter is before us on a three-count amended complaint filed by the Disciplinary Commission charging the Respondent with violating Disciplinary Rules 1–102(A)(4), 6–101(A)(3), 7–101(A)(2) and 9–102(B)(4) of the *Code of Professional Responsibility for Attorneys at Law.* The Hearing Officer appointed pursuant to Admission and Discipline Rule 23, Section 11(b), after a hearing thereon, has submitted his *Findings of Fact and Conclusions of Law.*

In accordance with the established review process applicable to disciplinary cases, this Court has examined all matters presented herein. In that the findings and conclusions of the Hearing Officer have not been challenged by either party, they are now approved and adopted by this Court. Accordingly, we find that the Respondent is a member of the Bar of this State. Under Count I, we find that on March 23, 1977, the Respondent was retained to file a personal injury claim resulting from an automobile accident. On March 22, 1979, the Respondent filed the action in the Scott Circuit Court. Thereafter, the Respondent failed to appear at a hearing scheduled on the opponent's motion to dismiss and filed no responsive motion. The cause was dismissed, the Respondent did not learn of the ruling on the motion to dismiss until considerably later. He took no action regarding the dismissal, nor did he make any effort to reinstate the case. As of December, 1982, the Respondent had not informed his client that the cause had been dismissed, but rather, continued to appraise his client that the case was progressing and that a hearing date would be forthcoming.

Under Count II, we find that in October, 1976, the Respondent was retained by another client to file a personal injury action resulting from an automobile accident. He failed to file said claim, and the two year statutory period for filing such a claim expired on October 11, 1978. In May, 1983, the client dismissed the Respondent and hired another attorney. The Respondent refused to turn over the client's file to the new counsel.

As to Count III, we find that on May 20, 1978, the Respondent was retained to represent a pedestrian who had been injured by an automobile on April 10, 1978. The Respondent contacted the driver's insurance carrier, American Family Insurance Company, and informed them that he was representing the injured party in the matter. American Family made attempts to contact the Respondent by letter in order to settle the claim; however, the Respondent failed to respond. During the period between May, 1978, and May, 1984, the Respondent informed his client that the Respondent was still working on the case, that the client would receive some kind of settlement, and that the Respondent would

"get back with him". In fact, the Respondent made no effort to settle the claim on behalf of his client and the statutory period of limitation for filing the action expired on April 10, 1980.

From the foregoing findings, we conclude that on more than one occasion, the Respondent undertook to represent clients and seek redress for their injuries but failed in all respects to pursue such claims. He failed to return his client's files; he misrepresented the status of the claims and misled his clients, thereby causing statutory limitations for filing to expire. It is clear from the foregoing that the Respondent engaged in the charged misconduct. Respondent's clients, having entrusted their interests to the professional care of the Respondent, were entitled to receive diligent and competent service. In light of these considerations and the findings of fact, it is this Court's assessment that the appropriate sanction is a suspension for a period of one year.

IT IS, THEREFORE, ORDERED that the Respondent, John M. Lewis, be and he hereby is suspended from the practice of law for a period of one (1) year beginning April 1, 1985.

Costs of this proceeding are assessed against the Respondent.